## Case No. 15,028.

### UNITED STATES v. EIGHT BARRELS OF WHISKEY.

[6 Int. Rev. Rec 124; 15 Pittsb. Leg. J. 4.]

District Court, E. D. Wisconsin. Oct., 1867.

INTERNAL REVENUE — FORFEITURE — DISTILLED SPIRITS — REMOVAL FROM INSPECTED PACKAGES—RECTIFICATION.

[The provisions of Acts 1866, c. 184, § 43, providing for the forfeiture of spirits, removed from the original packages in which they were inspected and gauged, into other packages, for purposes of rectification, redistillation, or change of proof, unless they are again inspected, gauged and properly branded, does not apply to spirits merely poured from the original packages into an open vat for rectification.]

MILLER, District Judge. The information is brought against two thousand one hundred and twenty-eight gallons of spirits, of different names and descriptions, seized in the rectifying establishment of John R. Hodson, in the city of Janesville, in this district. Article 1 propounds that on the 25th of April, 1867, the liquors enumerated were found in the possession and custody of said John R. Hodson, for the purpose of being sold and removed by him with design to avoid payment of taxes. Article 2 propounds that on the 1st day of April, 1867, at Turtleville, in this district, the said liquors being distilled spirits, were removed from the original packages in which they were inspected and gauged as required by law, into other packages for purposes of rectification and change of proof, and were not again inspected, and gauged and properly branded, contrary to the act, etc. Article 3 propounds that on the 1st day of April, 1867, at Turtleville, the said liquors were drawn off in casks or packages and inspected, gauged and proved, and were afterwards removed to the rectifying establishment of William Hodson, at Turtleville, and removed from the casks or packages in which they were inspected and gauged into other packages for purposes of rectification and change of proof, and were not again inspected and gauged and properly branded, nor was the United States inspector's brand put on the packages into which the liquors were removed. And they came into the hands of John R. Hodson at his rectifying establishment at Janesville before they were seized,

having been so removed, rectified and changed, contrary to the act, etc.

The hearing was had upon a written stipulation—as to eight barrels of whiskey containing 288 proof gallons—which, it is agreed, were rectified by William Hodson, at his rectifying establishment at Turtleville, and branded by him, "William Hodson, Rectifier, Turtleville, Wisconsin, Rectified," and were not inspected and branded otherwise. The highwines and distilled spirits from which the whiskey was obtained by the process of rectification were poured, as is usual in rectifying, into an open vat, stationary and fixed, and were not inspected after rectification. The whiskey contained in the eight barrels was sold by William Hodson to claimant, and by him poured into the vat in his store and rectifying establishment at Janesville, and were seized in the vat.

This information is brought on this provision of section 43, c. 189, of the act of 1866 [14 Stat. 162]: "And all spirits, after being removed from the original package, in which they were inspected and gauged, into other packages for purposes of rectification, redistillation or change of proof, shall again be inspected, and gauged, and properly branded; and the absence of the inspector's brand shall be taken and held as a sufficient cause or evidence upon which any spirits so found may be forfeited." It is conceded that the wines had been inspected and gauged before rectification at Turtleville; and the first article of the information is abandoned. The law provides for the forfeiture of inspected and gauged spirits removed from the packages in which they were inspected and gauged, into other packages for the purpose of rectification, redistillation, or change of proof, without again being inspected and gauged, and properly branded by the inspector. This provision is for the purpose of identification in the second packages of the same spirits that had been inspected, gauged and branded in the former packages and thereby to prevent fraud. But the stipulation does not support the information. It is agreed that the eight barrels of whiskey containing 288 proof gallons, had been rectified by William Hodson in his establishment at Turtleville, and branded by him with his private brand. The highwines being inspected, gauged, and branded by the inspector, were poured as is usual in rectifying, into an open vat, stationary and fixed, and were rectified. They were not poured into other vessels or packages as highwines, from one set of packages into other packages. Their identity as highwines ceased, upon being poured into the open vat and rectified. The vat is not a package within the meaning of the law. Pouring the wines into the vat was the first act towards rectification, which was followed by the rectifying process, thereby changing the wines into whiskey.

The next sentence of the section (which is repealed by the act of March 2, 1867 [14

Stat. 471]) illustrates clearly the position here taken. It provides for a forfeiture for changing the character of spirits that have been duly inspected and marked, either by rectification, mixing or otherwise, and placing the same in packages for consumption or sale, without first stamping or branding upon such packages in such a manner as the commissioner of internal revenue may prescribe, the word "Rectified." William Hodson at Turtleville, not knowing of the repeal of this provision, marked the barrels or packages of rectified whiskey in the manner directed by the commissioner. The provision under which the information is brought, relates to the transfer of inspected spirits from one package to another before rectification. The repealed sentence relates to the marking of whiskey after rectification.

The whiskey contained in the eight barrels was sold by William Hodson to the claimant, John R. Hodson, who removed them to his rectifying establishment in Janesville where they had been poured into his rectifying vat for further rectification and where they were seized. This transfer does not change the nature of the case, nor does it make an additional cause of forfeiture. The government had been paid the taxes, and William Hodson at Turtleville had a right to pour the contents of the inspected packages of spirits into his rectifying vat, and John R. Hodson had a right to purchase the rectified article and rectify it in his establishment at Janesville.